UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERIMICHAEL COOLEY,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>DEBBIE ASCUNCION, Warden,<br><br>　　　　　Respondent. | Case No. 16-cv-03726-DMR (PR)<br><br>**ORDER OF TRANSFER** |

Petitioner, a state prisoner who is incarcerated at the California State Prison - Los Angeles County ("CSP-LAC"), has filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction obtained in the Orange County Superior Court. Dkt. 1. He has not filed an *in forma pauperis* application.

On July 1, 2016, the Clerk of the Court informed Petitioner that this action has been assigned to the undersigned Magistrate Judge. Dkt. 3. However, on July 18, 2016, Petitioner declined magistrate judge jurisdiction. Dkt. 4.

A petition for a writ of habeas corpus made by a person in custody under the judgment and sentence of a state court of a State which contains two or more federal judicial districts may be filed in either the district of confinement or the district of conviction. *See* 28 U.S.C. § 2241(d). The district court where the petition is filed, however, may transfer the petition to the other district in the furtherance of justice. *See id*. Federal courts in California traditionally have chosen to hear petitions challenging a conviction or sentence in the district of conviction. *See Dannenberg v. Ingle*, 831 F. Supp. 767, 767 (N.D. Cal. 1993); *Laue v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal. 1968). If the petition is directed to the manner in which a sentence is being executed, e.g., if it involves parole or time credits claims, the district of confinement is the preferable forum. *See* Habeas L.R. 2254-3(a); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989).

Here, Petitioner challenges a conviction and sentence incurred in the Orange County Superior Court, which is within the venue of the Southern Division of the Central District of California. *See* 28 U.S.C. § 84. CSP-LAC, the place of Petitioner's confinement, is in Los Angeles County, which is also located in the Central District of California. *Id.* Therefore, the United States District Court for the Central District of California has jurisdiction over this matter.

Pursuant to 28 U.S.C. § 1406(a) and Habeas L.R. 2254-3(b), and in the interest of justice, this action is TRANSFERRED to the Southern Division of the United States District Court for the Central District of California. Even though Petitioner has declined magistrate judge jurisdiction, venue transfer is a non-dispositive matter and, thus, it falls within the scope of the jurisdiction of the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A). Therefore, the Clerk shall transfer the case forthwith.

If Plaintiff wishes to further pursue this action, he must complete the *in forma pauperis* application required by the Southern Division of the United States District Court for the Central District of California and mail it to that district.

IT IS SO ORDERED.

Dated: July 22, 2016

DONNA M. RYU
United States Magistrate Judge

2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERIMICHAEL COOLEY,<br><br>             Plaintiff,<br><br>        v.<br><br>DEBBIE ASCUNCION,<br><br>             Defendant. | Case No.  4:16-cv-03726-DMR<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 25, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jerimichael Cooley ID: V-90510
B2-112
P.O. Box 4490
Lancaster, CA 93539-4490

Dated: July 25, 2016

Susan Y. Soong
Clerk, United States District Court

By:_____
Ivy Lerma Garcia, Deputy Clerk to the
Honorable DONNA M. RYU